# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **SUSAN COLLISON** | **CIVIL ACTION NO. 07-1175** |
| **VS.** | **MAGISTRATE JUDGE METHVIN** |
| **COMMISSIONER OF SOCIAL SECURITY** | **BY CONSENT OF THE PARTIES** |

### *RULING ON MOTION FOR ATTORNEY'S FEES AND*
### *COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT*
### *(Rec. Doc. 15)*

Before the court is a motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA") filed by social security appellant Susan Collison on October 27, 2008 (Rec. Doc. 15). The motion is unopposed.[1]

Collison seeks a total of $3,062.50 in attorneys fees representing 24.50 hours at $125.00 per hour. In support of this request, Collison's counsel, George S. Bourgeois, Jr., submitted a petition describing the services performed and the time billed in connection with each task.

### *Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions

---

[1] The motion was filed prematurely on October 27, 2008. An award of attorney fees against the United States under the EAJA is not proper until the underlying judgment is final and not appealable, that is, until sixty days after entry of the judgment. See 28 U.S.C. § 2412(d)(2)(G); 28 U.S.C. § 2107; Melkonyan v. Sullivan, 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Because timeliness of the application is a jurisdictional requirement, it is a preliminary condition that must be satisfied before the Court can consider the merits of an application for EAJA fees. Lewis v. Sullivan, 752 F.Supp. 208, 209 (E.D. La. 1990), citing Russell v. National Mediation Bd., 764 F.2d 341 (5th Cir. 1985). Here, the Court issued a memorandum ruling and judgment reversing the decision of the Commissioner and remanding for further administrative action on September 30, 2008 (Rec. Docs. 12, 13). Pursuant to 28 U.S.C. § 2412(d)(2)(G), the judgment in this case did not become final until December 1, 2008. Therefore, the instant application filed on October 27 was premature. Rather than deny the motion, the undersigned deferred ruling on the motion until after the delays had run. Counsel shall note, however, that for judicial efficiency, future applications for fees *shall* be filed timely or the application will be denied.

make an award of fees and expenses inappropriate.  Martin v. Heckler, 754 F.2d 1262, 1264 (5th

Cir. 1985).  Since Collison is a prevailing party, and the Commissioner does not oppose an award

of fees, I find that an award of fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-

due benefits claim is entitled to a reasonable fee to compensate such attorney for the services

performed by him in connection with such claim, not to exceed 25 percent of the total of the past-

due benefits recovered.  42 U.S.C. §§406(a), (b)(1).  The "lodestar" approach has been adopted

by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases.  Brown v.

Sullivan, 917 F.2d 189, 191 (5th Cir. 1990).  The starting point under this approach is the number

of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate.  Id. at

192; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).  The

attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant

community for similar legal services are measures typically used as a first approximation of the

reasonable hourly rate.  Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted

upward or downward based on the court's consideration of the circumstances surrounding the

case.  Id.  This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson v.

Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).  Mid-Continent Casualty

Company v. Chevron Pipe Line Company, 205 F.3d 222, 232 (5th Cir. 2000).  The twelve

Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the

questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other

employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed

or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." Walker v. U. S. Department of Housing and Urban Development, 99 F.3d 761, 771-72 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

### *Reasonable Hourly Rate*

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The customary hourly rate in this area has fluctuated between $100.00 and $125.00 and more recently has been stable at $125.00.[2] The court therefore concludes that the request for fees at the rate of $125.00 per hour is reasonable.

---

[2] Lisa Todd v. Commissioner of Social Security, No. 07-00754 (August 29, 2008)($125); Barbara T. Brown v. Commissioner of Social Security, No. 05-01336 (July 10, 2008)($125); David A. Batiste v. Commissioner of Social Security, No. 06-00166 (June 15, 2007)($125); ; Rhonda G. Huval v. Commissioner of Social Security, No. 99-1056 (August 18, 2000)($125); Mickey J. Comeaux v. Commissioner of Social Security, No. 99-0691 (January 12, 2000)($100) Bonnie G. Duhon v. Commissioner of Social Security, No. 98-1883 (June 29, 1999)($100); Randy P. Bertrand v. Commissioner of Social Security, No. 98-1220 (June 2, 1999)($100).

### *Reasonable Hours Expended*

The Commissioner does not oppose the number of hours claimed by the claimant's attorney. Furthermore, the undersigned concludes that 24.50 hours expended by Collison's attorney is a reasonable number of hours to expend on a case of this type.

### *Johnson Analysis*

The next step requires that the court analyze the twelve <u>Johnson</u> factors to determine if the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies in this case follow. (1) Time and labor involved: the lodestar adequately compensates time and labor involved. (2) Novelty and difficulty of the questions: similar issues in this case have been previously addressed by this court. (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently. (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases. In addition, the billing of a total of 24.50 hours by an attorney over a fifteen-month period precludes such a finding. (5) Customary fee: decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area fluctuates between $100.00 and $125.00 per hour. The undersigned concludes that the rate of $125.00 per hour is appropriate in this case. (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment.[3] (7) Time limitations: no evidence was adduced on this point.[4] (8) The time involved and the results obtained: this matter was

---

[3]

    In <u>Walker</u>, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); <u>Shipes v. Trinity Indus.</u>, 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[4] The seventh factor is subsumed in the number of hours reasonably expended. <u>Walker</u>, 99 F.3d at 772.

resolved approximately fifteen months after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment.  Walker, 99 F.3d at 771.  (9) The experience, reputation and ability of counsel: counsel enjoys the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor.  (10) The undesirability of the case: no evidence was adduced on this point.  (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point.  (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees.  The lodestar is presumptively reasonable and should be modified only in exceptional cases.  City of Burlington, 112 S.Ct. at 2641.  This is not such a case; the lodestar requires no adjustment.

**IT IS THEREFORE ORDERED** that $3,062.50.00 in attorney's fees is awarded to Susan Collison as an EAJA fee.  The Commissioner of the Social Security Administration shall forward a check payable to George S. Bourgeois, Jr. in the amount of $3,062.50 pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana, on December 5, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)